UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CATHERINE L ANDERSON, ) | CASE NO.:   1:19-cv-00950 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, ) | **ORDER** |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Catherine L. Anderson's ("Anderson") objection to the Magistrate Judge's Report and Recommendation ("R. & R."), which recommended that the Commissioner of Social Security's ("Commissioner") denial of Anderson's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.*, be reversed and remanded for further proceedings. (R. & R. 1, ECF No. 17.)

For the following reasons, Anderson's objection to the Magistrate Judge's R. & R. is overruled. Therefore, the Magistrate Judge's R. & R. is adopted in full, and the final decision of the Commissioner denying Anderson's applications for DIB and SSI is reversed and this matter is remanded for further proceedings consistent with this opinion.

**I.   BACKGROUND**

As a brief procedural background, in late October and early November 2013, Anderson filed applications for DIB and SSI with an alleged onset date of disability of August 5, 2013. (Tr. 66-67, 78-79, 206-239, ECF No. 9.) In her applications, Anderson claimed disability due to "major depressive disorder, panic disorder w/o agoraphobia; major depressive disorder severe with

psychotic features; panic disorder without agoraphobia; hypertension; hand injury; hyperthyroidism; alcohol dependence; generalized anxiety disorder." (*Id.* at 66, 78.) On December 31, 2013, Anderson's applications were initially denied – they were again denied upon reconsideration on March 26, 2014. (*Id.* at 66-119, 121-138, 146-164.) Anderson then requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 165-173.)

On December 4, 2014, ALJ Eric Westley ("ALJ Westley") held a hearing at which Anderson appeared and testified. (*Id.* at 35-65.) On December 22, 2014, ALJ Westley issued a written decision finding Anderson not disabled pursuant to the definitions and requirements of the Social Security Act. (*Id.* at 16-34.) Anderson requested the Appeals Counsel review ALJ Westley's decision, a request which was denied on May 13, 2016 rendering ALJ Westley's decision final. (*Id.* at 10-14.) On July 5, 2016, Anderson filed a complaint requesting judicial review of ALJ Westley's decision, in which the Magistrate Judge recommended Anderson's case be remanded because ALJ Westley failed "to give good reasons for rejecting the limitations assessed by [Anderson's] treating psychiatrist, Dr. Bonder." (*Id.* at 800). The Magistrate Judge instructed ALJ Westley to "issue a new decision that fully explains the weight given to the treating sources." (*Id.*) On September 26, 2017, this Court agreed with the Magistrate Judge's recommendation, concluding ALJ Westley "did not apply the requirements of the treating physician rule and has not provided a clear explanation of his failure to credit the limitations described by the treating sources," and remanded the matter for further proceedings. (*Id.* at 773-774.)

Thereafter, on August 15, 2018, ALJ Westley held an administrative hearing, at which Anderson appeared and testified. (*Id.* at 713-737.) On November 8, 2018 ALJ Westley issued a written decision, again finding Anderson not disabled pursuant to the definitions and requirements of the Social Security Act. (*Id.* at 687-712.) Again, Anderson requested the Appeals Counsel

review ALJ Westley's decision, a request which was denied on April 2, 2019 rendering ALJ Westley's most recent decision final. (*Id.* at 682-686, 853-857.) On April 29, 2019, Anderson filed a complaint requesting judicial review of ALJ Westley's most recent decision. (Compl., ECF No. 1.) As this Court has jurisdiction to review the final determination of the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the matter was automatically referred to a United States Magistrate Judge for a Report and Recommendation consistent with Local rule 72.2(b)(1). (*See* Docket Entry 5/03/2019.)

Through briefing submitted to the Magistrate Judge, Anderson argued that ALJ Westley erred in his most recent opinion by failing to provide a good reason with a clear explanation for disregarding the opinions of two treating sources, Dr. Bonder and Dr. Martin, when determining Anderson's non-disabled status. (Pl.'s Br. 16-21, ECF No. 11.) On June 30, 2020, after briefing for this matter was completed, the Magistrate Judge issued his R. & R. recommending that the Commissioner's final decision denying Anderson's applications for DIB and SSI be reversed and that this matter should be remanded for further proceedings. (R. & R. 1, ECF No. 17.) Anderson timely filed her objection to the R. & R. on July 13, 2020, to which the Commissioner responded. (Obj. to R. & R., ECF No. 18; Resp. to Obj. to R. & R., ECF No. 21.)

The Magistrate Judge's R. & R. contains a detailed factual background, including a detailed summary of relevant medical evidence – treatment records and medical opinions – and relevant hearing testimony. (R. & R. 3-16, ECF No. 17.) As Anderson has not objected to or demonstrated any error contained in that stated background, this Court will not reiterate it herein.

## II. STANDARD OF REVIEW

When a written objection to a Magistrate Judge's R. & R. is timely submitted, this Court must review *de novo* those portions of the R. & R. specifically objected to. 28 U.S.C.S. § 636(b)(1). A

general objection to the entirety of the Magistrate Judge's R. & R. is not sufficient to trigger review by this Court. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections to the Magistrate Judge's R. & R. are necessary in order to focus this Court's attention to specific issues for review. *Id.* Accordingly, Anderson's specific objection is that the Magistrate Judge erred in recommending remand for further proceedings rather than remand for an immediate award of benefits. (Obj. to R. & R. 3-10, ECF No. 18.)

Because this Court possesses the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing," this Court may reverse the Commissioner's decision and remand the matter for an immediate award of benefits rather than reversing the Commissioner's decision and ordering further proceedings. 42 U.S.C. § 405(g). However, to order this extraordinary remedy, this Court must first determine whether "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 865 (6th Cir. 2011) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (internal quotation marks omitted)). The immediate award of benefits, such as Anderson requests, occurs "only where the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming." *Kalmbach*, 409 F. App'x at 865 (citing *Faucher*, 17 F.3d at 176).

### III.  ANALYSIS

The treating physician rule is at the core of the issue before this Court. Of course, the parties' current argument before this Court is not whether the treating physician rule was followed by ALJ Westley, but rather whether the record is such that remand for further proceedings would be futile, warranting remand for an immediate award of benefits. Anderson specifically argues that the

record at issue is complete and it contains strong proof of her disability as well as substantial evidence supporting the opinions of her treating sources, Dr. Bonder and Dr. Martin, making further proceedings unnecessary as they would merely be cumulative in nature. Despite the lack of argument surrounding the Magistrate Judge's decision regarding the treating physician rule, this Court finds that a brief discussion of the rule, ALJ Westley's decision, and the analysis by the Magistrate Judge is necessary background before addressing the issue of remand.

The rules and regulations of the Social Security Administration address and explain the exercise in which an ALJ must engage when considering medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2017).[1] *See also* Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9 (July 2, 1996).[2] Accordingly, the medical opinion of a treating source must be given "controlling weight" if: "(1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2) (internal quotation marks and alterations to original omitted)). When assigning weight to a treating source opinion, controlling weight or otherwise, an ALJ must consider certain factors "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source . . .." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). *See also* 20 C.F.R. §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6) (2017).

---

[1] As Anderson's applications for DIB and SSI were filed prior to March 27, 2017, these are the appropriate sections for application and analysis.

[2] Social Security Ruling 96-2p was rescinded March 27, 2017. However, because Anderson's applications for DIB and SSI were filed prior to March 27, 2017, this is the appropriate ruling for application and analysis.

Consequently, an ALJ is not required to give "controlling weight" deference to a treating source's medical opinion if the record contains substantial evidence contrary to the opinion. *See Smith v. Comm'r of Soc. Sec.*, 482, F.3d 873, 877 (6th Cir. 2007). More specifically, an ALJ is not required to give the opinion of a treating source "controlling weight" when the treating source's own treatment records contradict her medical opinion. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (explaining that the ALJ did not err by not adopting the opinion of a treating source that plaintiff was disabled because evidence contained the treating source's own reports did not support that position); *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-13 (6th Cir. 2010) (noting that an ALJ's rejection of a treating source's opinion is proper when the opinion is not supported by objective evidence in the record, including the treating source's own notes); *Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2011) (stating "ALJs may discount treating-physician opinions that are inconsistent with substantial evidence in the record, like the physician's own treatment notes"); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 549-50 (6th Cir. 2014) (finding that the ALJ properly rejected a treating source opinion that plaintiff could no longer work as his treatment notes directly undermined his opinion).

Finally, in support of the weight assigned to a treating source opinion, if less than "controlling weight," an "ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9, at *12 (July 2, 1996)). There exists a requirement that an ALJ clearly elaborate the good reasons for discounting a treating source's opinions – a requirement that is "imposed explicitly by the regulations." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008).

The purpose of the clear elaboration requirement is "in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that [her] physician has deemed [her] disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cr. 1999) (internal quotation marks omitted)).

In the instant matter there is no dispute that both Dr. Bonder and Dr. Martin are treating sources pursuant to social security definitions and regulations. *See* 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2) (2017). Additionally, there is no dispute that ALJ Westley assigned partial weight, rather than controlling weight, to the opinions of both Dr. Bonder and Dr. Martin. Therefore, ALJ Westley was required to provide good reasons supported by a clear explanation for discounting the treating sources' opinions. ALJ Westley provided the following:

> The undersigned affords only partial weight to the assessment of Dr. Bonder. While she had an established treating relationship with the claimant, the level of limitation alleged is not altogether consistent with the overall findings. Notably, in her treatment notes completed the same day as the functional assessment, Dr. Bonder assessed the claimant's impairments as "improving." She outlined that the claimant had marked to extreme limitations in performing simple to complex tasks, but in contrast, opined she retained the ability to manage her benefits on her own behalf. Further, clinical findings that included a cooperative and pleasant presentation, adequate to normal attention/concentration, and intact memory do not support the limitations noted (6F/11-12, 6F/17-20, 9F/7-9, 11F/2-4, 11F/5-7, 12F/2-3, 16F/25-29, 17F/1-5, 17F/11-15, 17F/26-30, 18F/2-5, 18F/7-11, 18F/17-20, 21F/2-3, 24F/9, 24F/36, 25F/37, 26F/5, 26F/16). For these reasons, only partial weight is afforded to the assessments of Drs. McBride and Martin, as the level of limitation alleged in both opinions are not consistent with the findings noted. While both had established treating relationships with the claimant and the evidence supports that functional limitations are warranted, the undersigned notes that just a week after completing the assessment, Dr. McBride noted he saw "much improvement" with the claimant (21F/4).. . . Further, treatment notes reflect that Dr. Martin maintained the claimant's treatment regimen with little to no changes, supporting their general efficacy in keeping the claimant's psychological signs and symptoms stable

> (16F/25-29, 17F/11-15, 17F/26-30, 18F/2-5, 18F/7-11, 18F/17-20). Finally, the record contains no evidence that Dr. Martin treated the claimant in the three months prior to his assessment (18F/27).

(Tr. 702, ECF No. 9.)

In his R. & R., the Magistrate Judge found that ALJ Westley failed to follow the treating physician rule in analyzing Dr. Martin's opinion, specifically. (R. & R. 19-26, ECF No. 17.) In other words, ALJ Westley failed to provide a good reason with clear elaboration for assigning partial weight as opposed to controlling weight when discounting Dr. Martin's opinion. Of note, because ALJ Westley agreed that if the opinion of either Dr. Bonder or Dr. Martin was assigned controlling weight Anderson would be unable to engage in substantial gainful activity and would be disabled pursuant to the definitions and requirements of the Social Security Act, the Magistrate Judge focused his analysis only on ALJ Westley's treatment of Dr. Martin's opinion, as discounting Dr. Martin's opinion was dispositive. (Tr. 733-734, ECF No. 9. *See also* R. & R. 16 n.3, ECF No. 17 (explaining that "there is no question that the ALJ's decision to not fully credit the opinion of either Dr. Bonder or Dr. Martin cannot be construed as harmless *if* the ALJ failed to give good reasons for rejecting either opinion").)

As previously noted, the parties do not dispute the Magistrate Judge's analysis surrounding ALJ Westley's treatment of Dr. Martin's opinion. Therefore, this Court will, for clarity, note agreement with the Magistrate Judge's conclusion that ALJ Westley's determination that Anderson is not disabled was not made utilizing the proper legal standards for the following reasons. First, ALJ Westley's conclusory statement "[f]or these reasons, only partial weight is afforded to the assessments of Drs. McBride and Martin, as the level of limitation alleged in both opinions are not consistent with the findings noted," which follows a string citation to portions in the record that apparently demonstrate Anderson presents as cooperative and pleasant, has

adequate attention and concentration, and an intact memory, fails to provide a good reason with clear elaboration for discrediting Dr. Martin's opinion. Second, this Court agrees that a three-month lapse in time between treatment and providing an ability to work assessment despite a multi-year treatment relationship is also not a good reason for discounting a treating source opinion. Finally, this Court agrees that ALJ Westley improperly made medical judgments when he concluded that Dr. Martin's decision to maintain a treatment regimen indicated Anderson was not as limited as Dr. Martin opined – and medical judgments made by an ALJ are not good reasons to discount a treating source opinion. *See Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor."). Therefore, the treating physician rule was not followed in this matter in that ALJ Westley did not provide good reasons with a clear explanation for discounting the opinion of Dr. Martin, specifically.

However, despite these failings, this Court does not find that the record is such that remand for further proceedings would be futile, warranting remand for an immediate award of benefits. In truth, the record reflects that Anderson's treating sources did notice improvement in Anderson's condition, while also observing that Anderson was cooperative and pleasant, presented with normal attention and concentration, and possessed an intact memory. What is missing from ALJ Westley's opinion, but not necessarily from the record itself, is the logical link between the facts in the record and the good reasons for discounting the treating source opinions.

Of course, this Court is sympathetic that Anderson's case has been traveling through the system for many years. But sympathy cannot replace the rule of law. Despite Anderson's arguments that the record does not contain substantial evidence contradicting Dr. Martin or Dr. Bonder's opinions, ALJ Westley pointed to inconsistencies between the opinions and treatment notes. What is

missing, however, is the bridge connecting the inconsistencies of the treatment notes to the treating source opinions on Anderson's limitations – a bridge that the ALJ must build.

In sum, this Court agrees with the Magistrate Judge that ALJ Westley failed to follow the treating physician rule in that good reasons with clear explanations for discounting treating physician opinions were not provided. It logically follows, therefore, that ALJ Westley's decision was not made utilizing the proper legal standards, and, of course, a failure to apply the correct legal standards is grounds for reversal. *See Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23 (6th Cir. 2003) (explaining that an ALJ's determination must be supported by substantial evidence contained in the record, considered as a whole, and must have been made utilizing the proper legal standards); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). *See also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.") (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). However, this Court does not find that evidence opposing Anderson's claim of disability is so lacking in substance that remand for further proceedings would be cumulative or futile. Furthermore, this Court does not find that the record provides overwhelming proof of Anderson's disability. Therefore, this Court finds that reversal with remand for further proceedings consistent with this opinion is the proper course.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Catherine L. Anderson's objection to the Magistrate Judge's Report and Recommendation is OVERRULED. Therefore, the Magistrate Judge's Report

and Recommendation is ADOPTED, and the final decision of the Commissioner of Social Security denying Anderson's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

    IT IS SO ORDERED.

    DATE: October 19, 2020                      /s/ John R. Adams
                                                       Judge John R. Adams
                                                       UNITED STATES DISTRICT COURT